ion the Legislature employed the language of the statute to signify its disbelief in human power to prophesy human events. If this is so, as the statute contains no exceptions, I am unable to see that the basis on which such prophecies are made or the methods by which such prophecies are arrived at can be material. It is obvious that where a palmist or astrologer merely deduces the character of the person consulting, and gives general advice as to the future, based upon such reading of character, no telling of fortunes is involved; but in this case the defendant went much further and prophesied as to specific events, such as marriage, death, and travel. In my opinion, therefore, she brought herself within the language of the statute and was properly convicted.

For the reasons above stated the judgment is affirmed. As neither of the above questions are free from doubt, and as it is important that the matter should be definitely determined by the higher appellate courts, if application is made therefor I shall grant a certificate of reasonable doubt pending appeal to the Appellate Division.

Judgment affirmed.

---

(90 Misc. Rep. 534)

### In re HARTLEY'S ESTATE.

#### (Surrogate's Court, New York County, May, 1915.)

WILLS ⬡➞684—TESTAMENTARY TRUSTS—AUTHORITY OF TRUSTEE—ACCUMULATION OF FUNDS.

    Testamentary trustees were directed to set apart a separate fund to produce a clear net income of $500, to be paid to an infant for his education until he should reach the age of 21 years. At that time the infant was 6 years old. *Held*, that the will did not vest the testator's testamentary trustees with any discretionary power, but required them to pay over the funds, and hence the general guardian of the infant was entitled to demand that the fund be paid over to him, and the testamentary trustees could not retain a portion of the funds to accumulate it for the infant's benefit when he should reach an age where his education would be more expensive.

    [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1614–1628; Dec. Dig. ⬡➞684.]

In the matter of the estate of Frank Hartley, deceased. Application by the general guardian of Frank Hartley Shearer, to compel testamentary trustees to pay him the net income of the trust fund. Application granted.

Alexander & Green, of New York City, for petitioner.

Speir & Bartlett, of New York City, for M. Taylor Payne and others.

COHALAN, S. This is an application by a general guardian of an infant to compel the trustees of a testamentary trust to pay to said general guardian the net accumulated income of the trust fund. The trust was created by the following provision of a codicil to the will:

"I direct my executors hereinafter named to set apart as a separate fund money or securities, or both, sufficient in their judgment to produce a clear net

yearly income of five hundred dollars ($500), and I give said fund to my trustees hereinafter named, in trust to pay the net income thereof from the time of my death, to Frank Hartley Shearer, son of Leander H. and Grace A. Shearer, for the purpose of his education, until the said Frank Hartley Shearer shall attain the age of twenty-one years."

The infant is now 6 years of age. The infant's father is his general guardian. The trustees have in their hands income in the sum of $828.61, and "are ready and willing to apply so much of said income" for the purpose of the education of the infant "as may be necessary and proper." The trustees do not deem it advisable to expend all of the yearly income for education when the infant is only 6 years old, but believe they should accumulate as much income as possible while the infant's educational requirements are few, in order to spend the money more advantageously when the infant is older. The general guardian contends that the will gives the trustees no discretion in regard to the amount to be expended, or the manner of expenditure of the net income, and that the accumulated income now in the hands of the trustees should be paid to the infant's father as his general guardian. Whether the trustees are given discretionary power in the application of the income, or whether they must pay the income to the general guardian, to be applied by him for the use and benefit of the infant, depends upon the language of the will. Matter of Fisk, 45 Misc. Rep. 298, 92 N. Y. Supp. 394. It is true that the words "apply" and "pay over" are considered equivalent and interchangeable in an inquiry as to the validity of a trust provision of a will. Moore v. Hegeman, 72 N. Y. 376. There is a vital distinction, however, between a direction to "pay" and to "apply," when the manner of expenditure is at issue and where there is a question as to whether the trustees or the general guardian should apply the income. This distinction is clearly and accurately stated by Mr. Surrogate Ketcham in Matter of Connolly, 71 Misc. Rep. 388, 130 N. Y. Supp. 194. The language of this will is "to pay the net income." These words do not invest the trustees with any discretion. They import a gift of the income to the infant, and must be construed as a mandatory direction to pay the income to the infant. The only manner in which the income may be ordered paid to the infant is by payment to his general guardian, who is under ample bond. I do not find any holding a contrary view. In Matter of McCormick, 40 App. Div. 73, 57 N. Y. Supp. 548, affirmed 163 N. Y. 551, 57 N. E. 1116, the will directed the trustees to "apply" the income for the benefit of the infant, and the court held that the trustees were given power to withhold some of the income. With the distinction in mind between "pay" and "apply," it is plain that this case is not an authority in favor of the contention of the trustees in this application. I am therefore of the opinion that under the language of the will the net income now in the hands of the trustees must be paid to the general guardian of the infant, to be expended by him for the education of the infant under the order of the court.

Decreed accordingly.