MATTER OF FLOOD. **797**

Misc. 797]    Surrogate's Court, New York County, September, 1925.

## In the Matter of the Estate of EUGENE J. FLOOD, Deceased.

Surrogate's Court, New York County, September 28, 1925.

Wills — construction — decedent gave residue of estate to trustees in trust during lifetime of mother, with surplus over to sisters — in event net income from trust should be inadequate for proper maintenance of mother, decedent directed use of necessary part of corpus of trust estate for her maintenance — discretion vested in trustees to support decedent's mother was not absolute, but subject to scrutiny as to fraud or diversion — secondary life tenant entitled to scrutinize account — words " used," " applied," " maintained " and " supported " as used in will, charged trustees with duty of seeing funds were applied to support of decedent's mother — amounts paid by trustees subject to question by objectants — referee should require trustees to report as to invasion of principal — trustees may be examined orally as to account.

A will by which the decedent gave the residue of her real and personal property to trustees, in trust, during the lifetime of decedent's mother, with power to sell and dispose of all of said property and to receive the rents, incomes and profits therefrom, and to use and pay the net income thereof during the lifetime of decedent's mother so that she would be adequately and properly maintained and supported, and then directed that the surplus income of said property, if any, should be divided annually among decedent's sisters, but in the event that the net income of the trust estate should be inadequate for the proper support of decedent's mother then " so much of the corpus of said trust estate as may be necessary shall be used and applied for said support and maintenance of my mother," did not vest in the trustees an absolute discretion to support decedent's mother, but subjected them to scrutiny as to possible fraud or diversion; this right of scrutiny may be invoked by any party interested as a secondary or a contingent life tenant entitled to the surplus income or, in case of a possible invasion of principal, by a remainderman.

Moreover, by the use of the words " used," " applied," " maintained " and " supported " in decedent's will, the trustees are charged with the duty of seeing that the funds are properly applied to the support of decedent's mother and are not used in violation of the trust for the use of some other person.

The amounts paid by the trustees are, therefore, subject to question by one of the secondary life tenants, a vested remainderman, under decedent's will.

The referee should require the disclosure by the trustees at the earliest possible moment as to whether there has been an invasion of principal, and the trustees should promptly submit themselves to an oral examination of the transactions set forth in their account.

OBJECTIONS to accounting by trustees involving construction of decedent's will.

*Matthew J. Wheelehan,* for the executor.

*McCall & O'Leary,* for Katherine Brady.

FOLEY, S. In this estate a compulsory accounting by the trustees was ordered. Objections were filed to the account by certain of the parties interested, and the issues were referred to a

referee to hear and determine. These objections raise a question as to the interpretation of paragraph 3 of the will, particularly with regard to the payment of income for the support of Bridget Flood, the mother of the testator, and the primary life tenant. They also involve the responsibility of the trustees for certain expenditures claimed to have been made for that purpose. While it would appear that the referee has full power to determine these questions, the trustees in this separate proceeding seek a construction of the will by the surrogate. In order to expedite the disposition of the accounting and to avoid expense to the estate, the application to construe the will is granted.

Paragraph 3 of the will reads as follows: " All the rest, residue and remainder of my estate real, personal and mixed, wheresoever situate, which at the time of my death shall belong to me or be subject to my disposal by will, I give, devise and bequeath to my trustees hereinafter named, in trust, however, during the life time of my beloved mother Bridget Flood, with power to sell and dispose of all of the said real and personal property of which I may die seized or possessed or to which I may be entitled, at public or private sale and at such times and upon such terms as to them shall seem meet, with power to retain any investments that I may have at the time of my death, and to receive the rents, incomes, issues and profits therefrom and to use and pay the net income during the life time of my beloved mother as follows: My said beloved mother Bridget Flood is to be adequately and properly maintained and supported by my said trustees and the surplus income of said property, if any, shall be divided annually as follows: One-half to my sister Anna Ryan. One-fourth to my sister Katherine Brady. One-fourth to my sister Susie E. Murray. In the event that the net income from my trust estate hereby created should at any time be inadequate for the proper maintenance and support of my said beloved mother, then, and in that event, so much of the corpus of said trust estate as may be necessary shall be used and applied for said support and maintenance of my mother."

Katherine Brady, one of the secondary life tenants and a vested remainderman, contends in her objections that the sum of approximately $13,600, stated in the account as paid by the trustees during a period of twenty-two months to Bridget Flood as life tenant, was not actually paid to or spent for the support of Bridget Flood. The trustees, on the other hand, contend in this proceeding that their discretion cannot be questioned; that upon making such payments they were discharged from all further liability; and that the life tenant had the absolute right to all the income and to such

MATTER OF PUTNAM. **799**

Misc. 799]     Surrogate's Court, New York County, December, 1925.

part of the corpus as the trustees determined was necessary for her maintenance. These contentions must be overruled.

The will is construed as follows:

(1) The discretion vested in the trustees to support Bridget Flood is not absolute, but subject to scrutiny as to possible fraud or diversion. This right of scrutiny may be invoked by any party interested as a secondary or a contingent life tenant entitled to the surplus income, or, in case of a possible invasion of principal, by a remainderman.

(2) By the use of the words " used," " applied," " maintained," and " supported " in the will, the trustees are charged with the duty of seeing that the funds are properly applied to the support of Bridget Flood, and are not used in violation of the trust for the use of some other person. (*Rezzemini* v. *Brooks*, 236 N. Y. 184; *N. Y. Trust Company* v. *Black*, 178 App. Div. 4; affd., 223 N. Y. 703; *Matter of Hartley*, 90 Misc. 534; *Matter of Connolly*, 71 id. 388.) The peculiar language of this will, therefore, is distinguishable from testamentary directions construed in other cases, where the word " pay " was held to confer no responsibility upon the trustees, or supervision of the application of income to the specific purpose of support. The amounts paid by the trustees are, therefore, subject to question by the objectant.

(3) The referee should require the disclosure by the trustees at the earliest possible moment as to whether there has been an invasion of principal. Upon the argument of this matter some such payments were admitted by counsel for the trustees. The necessity for such payments should be closely scrutinized to ascertain whether the trustees' conduct has been in bad faith or may lead to a partial or total destruction of the trust fund. (*Matter of Wentworth*, 230 N. Y. 176.)

(4) The trustees should promptly submit themselves to an oral examination of the transactions set forth in the account.

The stay contained in the order to show cause has been vacated. Submit decree and proceed accordingly.