In the Matter of the Estate of ARTHUR J. ROSENTHAL, Deceased.

Surrogate's Court, New York County, March 23, 1935.

*Sullivan & Cromwell* [*John C. Hoover* of counsel], for the petitioners, executors.

*Cook, Nathan & Lehman* [*Emil Goldmark* of counsel], for Grace E. Rosenthal, respondent.

*Lester R. Bachner*, special guardian.

FOLEY, S. This is an application for a construction of the will. By article fifth of his will the testator created a trust of his residuary estate for the benefit of his .widow during her life. The will further provides for a diversion of a portion of the income of the trust to the testator's two children in the event that the widow should remarry. On the death of the widow, the trust is to continue for the benefit of the two children. The son is to receive one-half of the principal in installments upon arriving at specified ages. The daughter's one-half share of the principal is to continue in the trust during her life.

This article of the will contains the following provision for an invasion of the principal of the trust created for the benefit of the widow: " I further hereby direct my said Trustees at the written request of my said wife but not otherwise to encroach on the principal of the said trust fund to the aggregate extent of not more than one-tenth thereof prior to the date when the elder of my said two children or the survivor of them shall attain the age of twenty-one years and to the aggregate extent of not more than one-half thereof

(including prior encroachments) after the elder of my said two children or the survivor of them shall attain the age of twenty-one years for the education, support, care or other purposes of said children.''

The testator's elder child is now seventeen years old. On March 9, 1934, the widow made a written request for an encroachment on the principal of the estate to the extent of ten per cent thereof.

A determination is now sought as to the amount of principal which may now be withdrawn from the trust and the method of expending the amount withdrawn.

The widow has taken the position that upon her written demand there must be immediately withdrawn from the principal of the trust the amount she specifies. She also seeks to exclusively control the expenditure of the portion of principal withdrawn. To increase the amount of principal which she claims may now be withdrawn from the trust, the widow attempts to date back her demand for a ten per cent encroachment to the time of some oral request when the trust estate had a much greater value. She has evidenced an intention to withdraw from the trust as soon as possible the maximum amount permitted by the will regardless of whether or not such an amount is necessary for the support and education of the children. Such action would be prejudicial to the rights of the children and the contingent remaindermen and would divert the principal of the trust from the purpose intended by the testator. No such procedure will be permitted by the court.

The language of the will makes the widow the sole arbiter as to whether or not the principal should be invaded and the extent of the invasion. The language employed, however, does not contemplate an immediate severance from the trust of the amount of principal specified by the widow and its expenditure by her. The will contemplates a gradual expenditure of the principal over two distinct periods. During the shorter of these periods, until the elder child attains her majority, expenditures of principal " to the aggregate extent of cne-tenth thereof " are permitted. Expenditures to the aggregate extent of an additional four-tenths of the principal are permitted after the elder child or the survivor of the children reaches twenty-one. The use of the phrase " to the aggregate extent " indicates that the testator intended a gradual expenditure of principal over the specified periods. This intention is further evidenced by the fact that the percentage invasions of the principal permitted during the two separate periods are in proportion to the duration of the periods.

While the language permitting the invasion of principal does not particularly provide that the trustees are to apply the fund to the

support and education of the children, the general context of the will and the specific language in the same article preceding this clause disclose that such was the testator's intention. The will provides that should the widow remarry she is to receive only $10,000 annually from the trust income and that the balance " shall be used and applied by my said Trustees in their discretion for the education, support and maintenance of my two children." As the invasion of the principal is limited to the same purposes, the above quoted language must be held to apply to the expenditure of that part of the principal withdrawn from the trust. The use of the word " apply " has been construed to confer on a trustee a discretionary power to apply the principal or the income of a fund under his control directly to the support or education of designated persons. (*Matter of Flood*, 127 Misc. 797; affd., 216 App. Div. 711; affd., 243 N. Y. 598; *New York Trust Company* v. *Black*, 178 App. Div. 4; affd. 223 N. Y. 703; *Matter of Quinlan*, 147 Misc. 483; *Matter of Connolly*, 71 id. 388.)

The authority to apply the funds and the limitation on the purpose of the application cast a direct responsibility upon the trustees. The peculiar language of this will is, therefore, distinguishable from testamentary directions construed in other cases where the trustee is authorized to " pay " over the income. Under these cases no responsibility is placed upon the trustee to see that the income is properly expended. His payment of the income to the general guardian of the infant, for example, is a sufficient discharge of his duty, and the direct responsibility for the proper application of the funds to the support of the infant is placed upon the general guardian.

It is the duty of the trustees here to apply the principal earmarked for expenditure to the support of the children. In her individual capacity the widow has no control over the actual expenditure of the principal. As a trustee she has a duty which is to be performed in co-operation with her cotrustees. The power of the trustees to expend the principal for the support of the children is not absolute or arbitrary and its exercise calls for sound discretion on the part of the trustees. (*Matter of Wilkin*, 183 N. Y. 104; *Matter of White*, 135 Misc. 377; *Matter of Brown*, 155 id. 620.) General responsibility for the proper application of the funds is imposed, in order to avoid improper diversion or bad faith. The trustees must subsequently account for all expenditures out of encroachments upon principal. (*Matter of Flood*, 127 Misc. 797; affd., 216 App. Div. 711; affd., 243 N. Y. 598.)

As it has been established to my satisfaction that the widow has personally expended sums in excess of ten per cent of the principal of the trust for the support of the children, the trustees may

now pay her ten per cent of the principal as reimbursement in full for the moneys expended by her. The percentage is to be based upon the value of the fund as of the date of the written demand. Counsel for the widow argues that the percentage should be based upon the original inventory value of the trust fund. The terms of the will negative that contention. If his contention was correct, and if there was a shrinkage in the value of the assets, by more than one-half, it would be possible by the demands for withdrawal by the widow to destroy the entire fund. Thereby the future gifts contained in the will to the children or to the remaindermen would be nullified. The purpose of the testator to make value at the time of the demand as a basis for computation is, therefore, obvious.

A further question of construction is raised as to whether the widow, Grace E. Rosenthal, is entitled to demand and be paid the remaining forty per cent of the fund immediately or soon after the elder child attains the age of twenty-one years. Did the testator intend that she should be paid this amount outright and that she alone should be responsible for the application of the fund for the education, support, care, maintenance or other purposes of the children? Or did he intend that the trustees should, after the written demand of the widow, directly apply from time to time, the amount released from principal for the purposes stated in the will. The language granting authority for its withdrawal cannot in any way be distinguished from the language in respect of the prior authorized withdrawal of ten per cent of the fund. For the reasons stated by me in the prior part of this decision, I am of the opinion that it was never contemplated by the testator that his wife should be permitted to withdraw a lump sum of forty per cent of the trust. There was no evidence whatsoever of any intent that the trust was to be abrogated in that fashion.

The widow was the life tenant of the trust. Apparently the testator anticipated that any withdrawal of funds from principal would diminish her income. Instead of conferring discretion generally upon his three named trustees to permit encroachment for the support of his children, he left the necessity for or the fixation of the amount of the encroachment to her discretion. At the same time he in no way nullified the responsibility of the trustees to see that the moneys were properly applied to the purposes stated in the will. The testator, if he had chosen to, might in simple, clear language, have directed payment to the wife and conferred discretion upon her to expend the moneys in such manner as she deemed fit. He did not do so. His general purpose to afford adequate support to his children and to insure the continuance of their support should not be defeated by an implication which finds no expressed recogni-

tion in the language of the instrument. The approximate value of the fund at the present time is $800,000. If the widow's contention is correct, she may withdraw from the fund upon the day after her elder child becomes of age, forty per cent, or approximately $320,000. The testator clearly intended that any expenditure covered by the forty per cent demand should be limited to the support of the children for the second period mentioned in the will. The other permissible withdrawal of ten per cent was limited to expenditures for the support of the children up to the date when the elder child became twenty-one years of age. The second provision for the withdrawal of the remaining balance of one-half of the estate was to be applied and expended for the support of the children after the elder child attained majority. I find no indication in the will that the testator intended to permit the widow to arbitrarily withdraw a substantial sum of approximately $300,000 with the possibility of diversion or misapplication of this fund. He could not have reasonably intended that the fund should remain in the hands of his widow subject to the hazards of speculation, and free from any judicial accountability or supervision for the application or expenditure of the money. The expenditures out of principal were authorized for the benefit of the children and not for the widow. Additional measures for the support of the children were planned by the maker of the will. If the amount were permitted to be withdrawn in bulk and in anticipation of the future needs of the children over a period of years, the loss of the withdrawn amount wholly or in part would deprive the children of the means of support contemplated by their father. (*Matter of Johnson*, 123 Misc. 834.)

(1) I accordingly hold that the widow may make written demands after the elder child or the survivor of the children attains twenty-one years, for the withdrawal of principal up to forty per cent of the value of the fund at the time of the written demand.

(2) No part of such withdrawals may be used for the support of the children nor for liability incurred prior to the date when the elder child or the survivor attains majority.

(3) The demand may be made for prospective support or for reimbursement of actual, reasonable expenditures already made within the proper period.

(4) The trustees are under a duty to earmark and hold that part of the fund requested by the widow in her written demand.

(5) The trustees are under a duty to apply such earmarked portions of the principal to " the education, support, care or other purposes of the children." The words " other purposes " are to be construed under the doctrines of *ejusdem generis* and *noscitur a sociis* to purposes cognate to " education," " support " and " care."

(*Matter of Johnson*, 123 Misc. 834; *Matter of Thompson*, 218 App. Div. 130; affd., 245 N. Y. 565; *Matter of Robinson*, 203 id. 380, 386; *Matter of Vanderbilt*, 129 Misc. 605; affd., 220 App. Div. 830.)

(6) The responsibility for proper application and the accountability of the trustees continues as to the forty per cent encroachment, under the rules stated in the prior part of this decision.

Submit decree on notice construing the will accordingly.