In the Matter of the Estate of EMANUEL JACOB, Deceased.

Surrogate's Court, New York County, October 25, 1937.

*Steckler, Frank & Steckler,* for the trustees, petitioners.

*Milton J. Godell* [*Mitchell Salem Fisher* of counsel], for **Amy J.** Goell, distributee.

*John L. Buckley,* special guardian.

FOLEY, S.   A construction of the will is sought in this trustees' accounting.   The testator died in 1932 leaving a will and codicil, both of which were executed on August 1, 1927.   He was survived by his widow, two daughters and his sister, all of whom are still living.

By the third paragraph of his will the testator created a trust of $10,000 for the benefit of his sister during her life.   On her death he directed that the principal of the trust should become part of the residuary estate.   By the codicil the testator revoked such gift in the third paragraph and created in lieu thereof a trust of $10,000 for the benefit of his sister for life but with a vested remainder payable to the testator's widow.   She was one of the two witnesses to the codicil.   She executed a formal renunciation of the gift to her in the codicil and testified as a subscribing witness.

The fourth paragraph of the will creates a trust of the residuary estate for the benefit of the widow for life.   This paragraph then provides that on her death the remainder of the trust is to be divided into as many shares as there shall be children then surviving or issue of deceased children.   One share is to be held in trust for each child with one-half of the principal of each share payable to each child on reaching thirty years of age, subject, however, to certain advancements payable to each child during the widow's life under the eleventh paragraph of the will.   The ultimate remainder of each trust is given to the issue of each child or in default of issue to the surviving children or their issue.

The eleventh paragraph of the will, which authorizes the advancements to the children during the life of the widow, provides as follows: " I direct my executors and trustees to pay to each of my children (a) on her marriage, if married with my wife's approval, the sum of Twenty-Five Thousand Dollars, out of which they shall pay for her wedding and wedding outfit, and (b) on her arriving at the age of thirty years, if my wife is living, one-eighth of the residuary estate set up in one or more trusts in paragraph ' Fourth ' of this Will.   Each of such sums shall be considered as an advancement and so charged against my child's share of my estate."

The testator's elder daughter Amy, recently became thirty years old.   Subsequent to her father's death she married with her mother's approval and was paid the $25,000 from the residuary trust as provided in the eleventh paragraph of the will   The younger daughter married in the testator's lifetime, and as she is still under thirty has received no payment from the estate.

The first question for determination involves the disposition of the remainder of the trust of $10,000 created by the codicil.

By her formal instrument of renunciation the widow surrendered any testamentary benefit in the fund. No alternative disposition of the remainder was made by the codicil. Under the well-established rule this remainder gift, as in the case of all renounced or lapsed gifts, fell into and became a part of the residue unless such method of devolution resulted in illegality. (*Matter of Cole*, 235 N. Y. 48.) The addition of the remainder of the trust created by the codicil to the residuary estate will, however, suspend the power of alienation beyond the permissible statutory period as the residuary clause provided for a trust to continue for two successive lives — those of the widow and a daughter. The primary trust created by the codicil for the benefit of the testator's sister is in no way connected with the successive trusts created by the residuary clause and is clearly valid. The testator's intent to provide for his sister may thereby be preserved. (*Matter of Trevor*, 239 N. Y. 6; *Matter of Horner*, 237 id. 489.) The subsequent life estates which result in invalidity are void. The remainders limited on these life estates are contingent and cannot be accelerated. (*Matter of Silsby*, 229 N. Y. 396.) The testamentary disposition of these remainders is, therefore, void. On the death of the testator's sister the remainder of the trust created by the codicil must be distributed as intestate property to the decedent's widow and daughters, as the persons entitled to participate under the applicable Statute of Distribution.

The second question for determination involves the method of computing the respective shares of the two daughters in the residuary trust and the payments of the advancements to them directed by the eleventh paragraph of the will upon the happening of the specified events. The elder daughter, who has now become thirty and is seeking the payment of the one-eighth share due her, contends: (1) That in computing the one-eighth share now payable to her, the residuary estate should be valued as originally set up; (2) that the gifts of $25,000 upon marriage and of one-eighth of the residue upon attaining thirty are separate and distinct gifts and that in computing the one-eighth the sum of $25,000 already received should be added to the residue to arrive at the correct basis for computation. These contentions are opposed by the trustees and by the special guardian representing the infant children of the younger daughter who are contingent remaindermen.

While the will is inartificially drawn and contains some inaccuracies the dominant purpose of the testator to preserve absolute equality between his two daughters is plainly apparent. It is the conclusion of the surrogate that the testator intended that division of the trust fund should be made from the time of its setting

up, into two equal parts for the benefit of each of the surviving daughters. The language of subdivision (b) of the eleventh paragraph clearly contemplated such an immediate division by the direction to pay one-eighth of the residuary estate whether " set up in one or more trusts in paragraph fourth of this will." This direction of the testator was expressly provided for by the clause " if my wife is living." This direction modified the terms of paragraph fourth of the will which provided for a later division of the fund on the death of the widow. In other words, division was ordered both during the lifetime of the widow and after her death.

There does not appear to be any difficulty in the physical division of the residuary trust fund into two equal parts earmarked tentatively for the benefit of each of the respective daughters. The income of the whole must be paid to the widow under the terms of the will. She will receive such income unimpaired by the separation of the total fund into equal parts.

Although this physical division of the estate should have been made at the time the trust was set up, the rights of the parties will not be prejudiced if such division is now decreed. The surrogate directs that the physical division of the securities and cash be made as of the 23d day of February, 1937, the date when the elder daughter became thirty years of age. In making the division the securities within the total fund must be valued as of that date. To the total value of these securities must be added the sum of $25,000 already paid out of the fund to the elder daughter upon her marriage. The true aggregate of the entire residuary estate will then be ascertained. Securities equal to one-half of such total value must be allocated to the fund for the ultimate benefit of the younger daughter. The remainder of the securities must be allocated to the fund for the benefit of the elder daughter. The value of the securities allocated to the elder daughter's fund will necessarily be $25,000 less than the amount of the fund set apart for the younger daughter because of the payment of that amount on her marriage.

My directions necessarily include a determination that in computing the one-eighth share now due the testator's elder daughter Amy, the residuary estate must be valued as of the date the payment to her became due. (*Matter of Rosenthal*, 155 Misc. 295.) Moreover, there is necessarily included the determination that the sum of $25,000 already paid must be added to the residue in the computation of such one-eighth share. Each of the amounts payable under paragraph eleventh of the will is termed an advancement and there is clear indication in the will that the fractional advancements should be computed upon the total value of the residue.

Under the interpretation of the surrogate of the intent of the testator, absolute equality between the two daughters will be secured. After the payment of the advancement now due the elder daughter, the share of the younger daughter will be held intact until she becomes thirty years of age. The method of division decreed by the surrogate will necessarily simplify the process of computation at that time by requiring that one-eighth of the entire fund as originally set up or its equivalent, viz., one-fourth of her own fund, shall be paid to her on that date.

The trustees are directed to serve and file an affidavit as to the value of the assets within the residuary trust as of February 23, 1937. The trustees are directed to set forth in such affidavit the specific securities proposed to be allocated to the share of the trust for the benefit of each daughter. Objections to such valuation or allocation may be served within five days thereafter. If such objections are filed the surrogate will rule on the contentions of the parties. Thereafter a decree may be submitted on notice construing the will in accordance with this decision and any required supplemental decision.