In the Matter of the Construction of the Will of EMILE UTARD, Deceased.

Surrogate's Court, New York County, May 31, 1955.

*Shearman & Sterling & Wright* for National City Bank of New York, as trustee under the will of Emile Utard, deceased, petitioner.

*Charles R. Barrett* and *Edward G. Bathon* for Frank Utard and others, respondents.

*Emmet McNamara,* special guardian for Dominique Hautz and others, infants, respondents.

*Burton Ryan,* special guardian for Madeleine Utard, an incompetent, respondent.

COLLINS, S. This is a proceeding by the trustee for construction of the will. The deceased divided his residuary estate into two half-shares. The first of these was left in trust for his wife for life with remainder over in the manner later indicated. The second was divided into six shares, two of which were to be held in trust for the life of a daughter for her benefit, the remaining four in trust for the benefit individually of the testator's other children. He provided for the division of the half-share held in trust for his wife upon her death into as many portions as the other half had been separated and directed that each of the shares carved out of the widow's original trust be held in further trust for the other beneficiaries. In a subsequent paragraph of the will is to be found the text now here for construction. In paragraph IX the testator provided: " I hereby

authorize and empower my said trustees, or the survivor of them, in their discretion at any time after any one of my children shall have attained majority to pay and transfer absolutely to such child upon request and upon being thoroughly satisfied of the desirability of such action any sum not exceeding two-thirds of the principal of the fund then held in trust for such child, which sum so paid shall thereupon be released from the said Trust.'' The trustee has asked the court to determine whether the quoted text is operative only against the primary trust for each child or whether it speaks with reference to that trust as well as to the secondary trust for each created from the widow's half-share. A subsidiary question is presented with reference to the date fixing the valuation of the principal in order to determine the two-thirds interest.

The special guardian for an incompetent income beneficiary and the attorneys for other children of the testator argue that permission to invade principal is afforded the beneficiaries in the case of both primary and secondary trusts. The special guardian for contingent remaindermen insists, on the contrary, that the power to invade is limited to the initial trust for each child created from the division of the residue into two parts. He argues in support of this theory that the secondary trust for each child, limited upon the life estate for his widow, is not in terms to be added to the principal of the child's original trust. The court feels that this may be conceded but that it does not lead to the result urged by the special guardian. It seems clear from the text under construction that it was the intention of the testator to permit the trustee or the surviving trustee, as is now the case, to invade each of the separate funds held for the individual child to the extent of two thirds thereof. There is no distinction in treatment directed by the testator in his will as between the primary and secondary trusts. He does not confine the discussion to one or the other, authorizing the trustee to make payment '' of any sum not exceeding two-thirds of the principal of the fund then held in trust for such child.'' The court holds, therefore, that the trustee possesses the authority on application by the beneficiary to distribute a sum not exceeding two thirds of the combined principal of the primary and secondary trusts for each child.

There shall be employed for the purpose of fixing the valuation of the principal, the date on which the application for invasion is made. The testator did not confine the beneficiary to a single application provided that the maximum was not exceeded. He may have foreseen the possibility that capital

valuations would fluctuate during the administration of the trust estates. With this in mind the court holds, therefore, that the amount that may be advanced may not exceed the two-thirds margin as fixed with reference to the date of the application (*Matter of Van Hogendorp,* 110 N. Y. S. 2d 579; *Matter of Raumann,* 64 N. Y. S. 2d 373).

Submit decree on notice construing the will in accordance with the foregoing.