George A. Brenner, S.
In this accounting proceeding the trustee seeks permission to resign and a construction of a portion of article “ Second ” of the will to determine the method of computing the partial distributions of trust principal payable on the attainment of prescribed ages by the respective beneficiaries.
The testatrix died a resident of Westchester County on November 13,1951, and her will dated March 8,1950 was duly admitted to probate and letters testamentary and letters of trusteeship thereon were duly issued by this court on December 11,1951 and August 17, 1955, respectively.
The testatrix devised and bequeathed her residuary estate to a named trustee who was directed to divide the corpus thereof into as many equal shares as there were children surviving, and to pay over and distribute one third of the principal of each such share to each beneficiary thereof at age 25, and ‘ ‘ an additional one-third (%) of the original principal of such share ” at age 30, and to pay over “ the remainder of the principal ” at age 35.
In Matter of Rosenthal (155 Misc. 295) in determining a similar question the court rejected the contention that a percentage payment should be based upon the original inventory value of the trust fund on the grounds that a decrease in the value of trust assets could result in a complete distribution of trust principal, and thereby nullify a clear testamentary intention to postpone the termination of the trust until the arrival of the date *211 fixed by the will. (See, also, Matter of Jacob, 165 Misc. 280; Matter of Raumann, 64 N. Y. S. 2d 373.) Accordingly, the court determines that the first fractional payment of principal to each beneficiary at age 25 should be computed on the basis of the value of the total principal assets comprising such share on the date payment is due.
The court is also requested to determine the method intended to be used in computing the second fractional distribution of principal in providing that the trustee pay over and distribute “ an additional one-third (%) of the original principal of such share ” at age 30. (Emphasis added.) The trust for each child is to terminate at the time the third principal payment is made. It is a well-established rule of construction that words are never to be rejected as meaningless or repugnant if by any reasonable construction they may be made significant and meaningful. (Matter of Buechner, 226 N. Y. 440.) The testatrix by employing the phrase “ the original principal of such share ” clearly manifested an intention that the second fractional payment or distribution was not to be limited to one third of the balance of the principal then remaining. The court determines that the testatrix intended that the second fractional distribution of principal be equal to one half the value of each such share on the date payment is due. The amounts of principal payable or distributable shall be computed on valuations at the respective dates of payment or distribution. (Matter of Rosenthal, supra; Matter of Jacob, supra; Matter of Raumann, supra; Matter of Fry, N. Y. L. J., Aug. 17, 1944, p. 305, col. 6.)
Sufficient reason appearing therefor the petition by the trustee for leave to resign and for the appointment of a successor trustee in the place and stead of the resigning trustee is granted as requested, upon the successor trustee duly qualifying according to law, and filing a duly approved bond, the amount of which is to be fixed in the decree herein.
Settle decree.