J ohn D. Bennett, S.
The intermediate account will be settled as filed.
A construction is sought of paragraph Twelfth F of the will, which reads: “ I further direct that my said Trustees shall be, and they hereby are, authorized and directed to pay to either or both of my said two daughters, from time to time, such sums from the principal of said Trust Fund as my said Trustees may, in their discretion, deem suitable and proper. The amount of principal so paid to either of my said two daughters must not exceed, however, the sum of One Thousand Dollars ($1,000) in any one (1) year and in no event shall the aggregate of all such sums so paid to my said daughter, Florence M. Rogers, exceed one-sixth (%) of the principal of said Trust Fund, and to my said daughter, Elizabeth McConnell, one-third (%) of the principal of said Trust Fund.”
The fractional or percentage gift of principal is determined by the current net value of the fund at the time payment is to be made. By such a construction the cestui que trust and the remaindermen are equally affected by increases and decreases in the value of the fund (see Matter of Kaiser, N. Y. L. J., Nov. 8, 1957, p. 12, col. 1; Matter of Van Hogendorp, 110 N. Y. S. 2d 579; Matter of Elliott, 70 N. Y. S. 2d 826; Matter of Raumann, 64 N. Y. S. 2d 373; Matter of Utard, 208 Misc. 404; Matter of Rosenthal, 155 Misc. 295; Matter of Fry, N. Y. L. J., Aug. 17, 1944, p. 305, col. 6).
The court therefore construes paragraph Twelfth F to require that payments made from principal to Elizabeth McConnell, the surviving income beneficiary, not exceed one third of the principal of the trust fund on the date the trustees exercise their discretion to make such payments as are authorized by paragraph Twelfth F.
The attorneys’ fees are approved in the amount requested.
Letters of trusteeship will issue to Saul J. Lance upon his duly qualifying and upon his filing a bond in the sum of $36,000.
Settle decree on five days’ notice.