Joseph A. Cox, S.
The testator left his residuary estate in trust for a term measured by the lives of the two youngest of his children or grandchildren living at his death. He directed his trustees to pay the income in equal shares per capita and not per stirpes to his children and his grandchildren, including grandchildren born during the trust term. The testator provided that if any beneficiary should die during the trust term his interest in both the income and principal should lapse entirely and “ said income and principal ” should be paid to the children and grandchildren surviving at the time prescribed for distribution of income or principal.
The testator directed in paragraph B of the clause creating this trust that there be no distribution of corpus for a period of 13 years after his death, assuming the trust continued that long, but at the expiration of that period an equal share of the corpus be paid, absolutely and in fee, to each child and grandchild who had attained the age 30 and thereafter equal shares of corpus be paid, absolutely and in fee, to other children and grandchildren as they successively should reach the age 30. Paragraph B also directs that in the event of the death of a beneficiary at any time after the first distribution of principal, the share which such beneficiary would have acquired by attain *77 ing age 30 be distributed forthwith to the remaining beneficiary, per capita. The final direction (paragraph C) is that upon the termination of the measuring lives the trust principal be distributed to the then surviving children and grandchildren in equal shares per capita, “ provided, however that suitable adjustment shall be made for the principal of any shares which may have heretofore been distributed in accordance with the provisions of Paragraph ‘ B ’ hereof, so that all surviving children and grandchildren shall share equally per capita.”
The 13-year period prescribed in the will terminated on January 3, 1957. At that time there were 12 beneficiaries in existence, an increase of six over the number who had been alive at the time of the testator’s death. Of the 12, three have attained the age of 30 years and have become entitled to payment of their portions of the trust corpus. A determination as to the measurement of those “portions”, the word used by the testator, is requested by the petition.
The testator demonstrably was aware of the fact that the membership of the class of beneficiaries could, and probably would, fluctuate during the period he fixed as the term of the trust but this did not in any way affect the validity of the testamentary program. (Schermerhorn v. Cotting, 131 N. Y. 48; Matter of Hall, 276 App. Div. 74.) In this light it is apparent that the testator recognized that the portions which would be drawn down by the beneficiaries as they attained the age of 30 would necessarily vary in amount and with a desire to establish a degree of equality, he provided that on the termination of the trust there should be a “ suitable adjustment * * * so that all surviving children and grandchildren shall share equally per capita.”
Applying the directions of the will to the immediate problem, which is to fix the amounts payable to the three beneficiaries who have attained age 30, it seems clear that the testator contemplated that the share, or portion, of trust corpus payable to a beneficiary prior to the termination of the trust be fixed by dividing the total fund by the number of income beneficiaries in existence at the time for each distribution. (Matter of Utard, 208 Misc. 404; Matter of Van Hogendorp, 110 N. Y. S. 2d 579; Matter of Raumann, 64 N. Y. S. 2d 373.)
If, upon the termination of the trust, a distribution of the fund among income beneficiaries would result in each such beneficiary receiving a share larger in amount than the portion of principal previously received by a then living child or grandchild over 30 years of age, an adjustment will be required and, to the extent necessary, principal payments will be made to all *78 living children and grandchildren, irrespective of age, so that the amount of corpus distributable to each beneficiary under age 30 shall not exceed the total of prior and present distributions to a beneficiary over age 30. This is the only adjustment permissible under the will.
In the absence of objection to the legal fee, reported as paid in the account, no ruling by the court with respect to such fee is required.
Submit decree on notice.