S. Samuel Di Falco, S.
In this proceeding for the settlement of the account of the temporary administrator and the account of the executors, the petitioners seek construction of the will. The testatrix created separate trusts consisting of portions of the residuary estate for each of her three daughters who survived her. With the income from each trust payable to the beneficiary for life the testatrix provided for distribution of the principal in accordance with the instructions which follow: “ One equal share shall be held in trust for each of my daughters as follows, to pay her the income for life and the principal as follows: Vs at age 25, % at age 30, and the balance at age 35, except that my individual Trustee with or without the consent of the co-Trustee shall have the unlimited power to pay any of them at any time all or any part of the principal of her trust. If any daughter dies before receiving all the principal of her trust, any principal remaining shall be paid to her then living descendants per stirpes or if none, then to my then living descendants per stirpes.”
The petitioners state that they are uncertain as to the method for computation of the one-third shares of the trusts payable to the named beneficiaries upon attainment of the specified age levels. In construing a will containing an almost identical provision Mr. Surrogate Collies held in Matter of Van Hogendorp (110 N. Y. S. 2d 579, 580): “ Decedent’s will lacks an explicit expression of her intention upon the question here presented. In the absence of a testamentary direction to the *702 contrary, it must be considered that testatrix intended both the income beneficiary and the remaindermen to have the advantage of capital increases and to share the effect of capital shrinkages. A practical construction of the will requires that the principal payments to the income beneficiary be computed on the current worth of the trust principal at the time each payment becomes due. Matter of Raumann’s Estate, 64 N. Y. S. 2d 373, 378; Matter of Jacob’s Estate, 165 Misc. 280, 284, 300 N. Y. S. 913, 917; Matter of Rosenthal’s Estate, 155 Misc. 295, 299, 279 N. Y. S. 692, 696.” To like effect see Matter of Utard (208 Misc. 404) and Matter of Magill (10 Misc 2d 209).
The court holds upon the reasoning of the cases cited that distribution of the principal is to be made on the basis of current values on the date of each payment. The stipulations of settlement disposing of the other matters in controversy in this proceeding are approved.
Submit decree on .notice settling the account and construing the will in accordance with the foregoing.