John J. Dillon, S.
In the trustees’ final accounting proceeding, one of the cotrustees has interposed objections to the account which require construction of the testator’s will.
A portion of article “Thirteenth” of the will provides as follows: “If the income paid to and received by either of my sons under this clause of my Last Will and Testament amounts to less than $5,000 in any fiscal year, computed from the date of my death, I direct and authorize my trustees to pay over to either of my sons out of the principal, if necessary an amount equal to the difference between the income received by either of them and the sum of $5,000. Any payment so made shall be absolute and free from all trusts, and upon making such payments, my trustees shall be fully released and discharged from all further liability and accountability therefor.” (Emphasis added.)
The trusts set up for each of the testator’s sons have failed to earn $5,000 a year and therefore, one of the issues which the *539 court must now resolve is the extent to which principal may be invaded pursuant to the above-quoted provision.
The phrase “ if necessary ” in the quoted article is ambiguous. It is the objectant’s contention that the trustees are only authorized to invade principal when the beneficiaries are in actual need. It seems more likely that ‘ ‘ if necessary ’ ’ means merely if the principal invasion is necessary to make up a deficiency below $5,000 in any year. Accordingly, the court determines that the testator intended and the will provides that each son is to receive at least $5,000 annually from the trust, and in the event that the income is not sufficient to provide such payment, then principal shall be invaded to the extent necessary to make up the difference.
Under article ‘1 Fourteenth ’ ’ the testator directed his “ trustees to assign, transfer and convey 15% of the principal of each trust hereby created ” to each of his sons upon Martin attaining 30 years of age, 25% upon Martin attaining 35 years of age, 50% upon Martin attaining 40 years of age and 10% upon Martin attaining 45 years of age. The petitioners contend that the principal invasions to be made upon Martin attaining the ages hereinabove specified, should be computed on the basis of the initial value of the trust fund, and the objectant contends that the value on the date payment is due should be used.
In Matter of Magill (10 Misc 2d 209) this court in dealing with a similar problem held that the distribution “ should be computed on the basis of the value of the total principal assets comprising such share on the date payment is due.” In making the actual computation, the advancements made pursuant to article 11 Thirteenth ’ ’ must be taken into consideration by adding such amounts to the value of the principal on the date of distribution. (Matter of Jacob, 165 Misc. 280.) Each of the four principal payments provided for under article ‘1 Fourteenth ’ ’ are interrelated in such a way that the trusts will terminate no later than the date of the last payment. Since 15% of the fund has already been distributed, the second payment of 25% will be 25/85ths of the present value of the fund as increased by the prior distributions under article ‘ ‘ Thirteenth ’ ’.
The fee of the attorney for the two petitioners is fixed and allowed in the amount of $2,000, and the fee of the other attorney, who is one of the cotrustees, is fixed and allowed in the amount of $1,000. The aforesaid fees are for all services rendered and to be rendered to and including the settlement of the decree.