S. Samuel Di Falco, S."
This testator’s will created a marital deduction trust for the benefit of his widow and grants to her the power to appoint its remainder. The residuary trust is also for the widow’s benefit and that remainder passes to three charities upon her death. The corpus of both funds may be invaded for her maintenance, in certain contingencies, with the proviso that in making any such invasion of corpus the marital deduction trust is to be exhausted first. The will contains a direction against apportionment of estate taxes, even with respect to assets passing to the widow outside the will, and authorizes distributions in kind to either trust.
The paragraph of the will, principally in question, is paragraph fifth (a) which reads: “ (a) I hereby give, devise and bequeath to my Trustee, hereinafter named, m trust nevertheless, a portion of my estate, the value of which portion shall be exactly the sum needed to obtain the maximum marital deduction in determining the Federal estate tax on my estate, less the value of life insurance payable to my wife, the value of other property and interests passing, or that have passed, from me to my wife, Joyce mueller, otherwise than under this paragraph of my will, but only to the extent that said insurance, property or interests is included in my gross estate for Federal estate tax purposes and is allowable as a marital deduction, and in computing the value of the property passing under this clause, the final determinations in the Federal estate tax proceedings shall control and only assets that qualify for said deduction shall pass under this clause. This Trust for convenience shall be known as the joyce mueller trust.”
The executor argues that this provision calls for the marital deduction trust to be funded by applying a formula or a fractional interest in the entire estate, so that the paragraph fifth trust shares in the appreciation or depreciation of the estate’s assets between the date of death and the date of distribution. It is the contention of the respondent charities that the amount of the marital trust is in effect a general legacy in a fixed dollar amount as determined in the Federal estate tax proceeding.
During a three-year period of the executor’s administration a gain of $133,000 was realized upon the sale of, one particular asset held by decedent at his death.
It is important to note that neither the widow’s income nor comfort is affected by the determination of this question. The *586 ruling herein will decide whether her appointees or the charities get a greater share at her death.
The court will first dispose of the objection made by the executor to the admission of an agreement of separation made about five years prior to the will, offered by the respondents at the hearing. The ground of objection is that no extrinsic evidence is admissible in construing a will.
It must be conceded that there is some ambiguity in this will and that its provisions are not so definite and certain that the court is to be denied access to background facts surrounding the testator at the time of execution. The court may in this case inquire into the relationship between the decedent and members of his family and the beneficiaries under his will (7 Warren’s Heaton, Surrogates’ Courts [6th ed,]), § 31, subd. 2; Matter of Gabler, 140 Misc. 581, mod. on other grounds 235 App. Div. 807; Matter of Park, 202 Misc. 117), Accordingly, the separation agreement is deemed in evidence and has been examined by the court. That agreement, however, is silent with respect to the testamentary disposition of either party’s property.
Turning to the will, the court finds that despite their separate status the testator was most generous with his widow. He gave her far more than the statutory minimum provided by section 18 of the Decedent Estate Law. After general legacies to three sisters of $10,000 each and two friends of $5,000 each, the widow was given the life income not only of the marital deduction trust but of the residuary trust. The widow was given the power to appoint the first trust ‘1 alone and in all events and that she shall have the widest possible power of appointment by her will as to the principal of the trust remaining at her death.” Other manifestations of testator’s concern with his widow are found in the direction against apportionment to the extent of reducing the residuary trust by the amount required for estate taxes; by the power of the trustees to invade the corpus of both trusts for her maintenance; and by the authorization to create the separate trusts by distribution in kind or partly in kind.
This testament does not bespeak the intent of an angry husband seeking to limit in any way the benefits bestowed upon an estranged wife. There is nothing in this will to indicate that the testator intended less than to provide fully and completely for his widow.
Where the intent of the testator is obscure or some doubt exists as to the meaning of his language, while the court may resort to extrinsic evidence, to wit, the separation agreement, *587 its beacon in seeking out Ms intent with respect to any part of the will must be the whole will. The part being construed must be read as it relates to the various parts in the entire instrument. (Matter of Title Guar, & Trust Co., 195 N. Y. 339).
A reading of the entire will indicates a testamentary plan in favor of the widow as the prime object of testator’s bounty. In its decision in Matter of Bouverie (22 Misc 2d 701, 702) this court was also concerned with the problem of appreciation of assets between date of death and date of distribution. In ruling that the principal is to be distributed at current values on the date of payment the court cited with approval Matter of Van Hogendorp (110 N. Y. S. 2d 579, 580) where Surrogate Collins said:“ Decedent’s will lacks an explicit expression of her intention upon the question here presented. In the absence of a testamentary direction to the contrary, it must be considered that testatrix intended both the income beneficiary and the remaindermen to have advantage of capital increases and to share the effect of capital shrinkages. A practical construction of the will requires that the principal payments to the income beneficiary be computed on the current worth of the trust principal at the time each payment becomes due. Matter of Raumann’s Estate, 64 N. Y. S. 2d 373, 378; Matter of Jacob’s Estate, 165 Misc. 280, 284, 300 N. Y. S. 913, 917; Matter of Rosenthal’s Estate, 155 Misc. 295, 299, 279 N. Y. S. 692, 696.” (See, also, Matter of Utard (208 Misc. 404) and Matter of Magill (10 Misc 2d 209).
It is conceivable, this situation arising in a time of economic stress, that he who argues for a fractional share would urge • that the language of paragraph fifth is a fixed dollar legacy ; and conversely the respondents would attempt to attach to the marital trust its share of the depreciation of the estate’s assets. The court must not, therefore, be narrowly limited by language “ exactly the sum ” as found in this paragraph drawn for the primary purpose of producing the maximum marital deduction, and not for the object of stating testamentary desire with respect to the distribution of assets. The will as a whole is .entitled to a construction that will result in the same equity in lean years as in years of plenty.
My learned colleague Surrogate Cox in Matter of Inman (22 Misc 2d 573, 577), construed a direction that “ any property so conveyed and assigned in kind to satisfy said bequest shall be valued for that purpose at the value thereof as finally determined for Federal Estate Tax purposes ” is expressive of an intention that the legacy share in appreciation of securities and suffer *588 the consequences of the, depreciation. At page 577 he made this finding citing Matter of Bush (2 A D 2d 526, affd. 3 N Y 2d 908); Matter of Jephson (N. Y. L. J., Nov. 13, 1956, p. 8, col. 5) and Matter of Valentine (165 Misc. 853).
Where, as in this case, the will says ‘‘ in computing the value of the property passing under this clause, the final determination in the Federal estate tax proceeding shall control and only assets that qualify for., such deduction shall pass under this clause ’ ’ the intent surely is that the two trusts share on. a prorata basis the appreciation of assets between the date of death and the date of distribution. (Matter of Inman, supra.)
The testator was not dealing with specific amounts at this point in his will, he was thinking in the area of assets and liabilities which although generally known to him consisted of many variables. This is contrary to the concept of a fixed legacy in a specific amount where the testator is concerned that the legatee receive a definite sum regardless of the size of his ultimate estate. The particular clause in question uses the word “portion”. Further indication of the testator’s intent is the very last paragraph of his will in which he provides for ‘ ‘ parts or shares ’ ’ and distribution in ‘ ‘ kind ” of “ partly in kind ”. This language, too, does not point to a specific dollar amount. It rather indicates a fractional bequest.
This ruling is in accord with the rationale of text writers .on the subject of marital deduction clauses (Casner, Estate Planning [2d ed.], p. 640 and 3 Babkin and Johnson, Current Legal Forms with Tax Analysis, p. 104a); with the treatment given to capital gains or losses on such marital trusts by the Internal Bevenue Service under Federal Tax Begulations (see Internal Bevenue Code, § 663; Regulation, § 1.663[a]-1, subd. [b]; Code of Fed. Reg., tit. 26, § 1.663 [a] — [1], subd. [b] and Internal Revenue Code, § 1014; Regulation, § 1.1014-4, subd. [a], par. [3]; Code of Fed. Reg., tit. 26, § 1.1014-4, subd. [a], par. [3]; and with the rulings in Matter of Bing (23 Misc 2d 326; Matter of Ossman, 27 Misc 2d 632 and Matter of Inman, supra).
Paragraph fifth (a) in the light of the entire will is construed to express a clear intention on the part of this testator that correlative values be used in determining the value of the estate and the share of the trust going to the surviving spouse. The spouse thus acquires a fair share of the assets on distribution and there results to the estate the benefit of a full marital deduction.
Submit decree on notice construing the will and settling the account accordingly.