Joseph A. Cox, S.
The will of this testatrix created a trust for the benefit of her son and provided that, in addition to the trust income, 5% of the principal be paid to the son at the times he attained designated ages. It has been held ‘ ‘ that the principal payments to the income beneficiary be computed on the current worth of the trust principal at the time each payment becomes due ” (Matter of van Hogendorp, 110 N. Y. S. 2d 579, 580). The court now is asked to determine whether, for the purpose of computing the periodic invasions, trustees’ commissions, attorneys’ fees and other charges of administration are to be regarded as reducing the trust principal or all of such charges are to be disregarded in the computation of amounts payable to the income beneficiary with the result that such charges be borne by the balance of the principal fund and ultimately by the remaindermen.
It would seem that, in the absence of a contrary direction in the will, normal administration charges must be regarded as diminishing the “ current worth ” of a trust fund. In the prior decision herein Surrogate Collihs held that this will requires the income beneficiary and the remaindermen to be treated with equality and, in fact, the Surrogate based his ultimate conclusion upon that finding.
Problems as to the method of computing periodic fractional invasions of trust principal have not been uncommon although the earlier decisions do not seem to have involved the precise questions here presented. Those decisions were based upon the obvious fact that a trust fund does not retain a constant valuation and, for this reason, the courts have held consistently that fractional invasions are to be computed upon “ current value ” (Matter of Raumann, 64 N. Y. S. 2d 373), “ the value of the fund as of the time of the written demand ” (Matter of Rosenthal, 155 Misc. 295, 300), value “as of the date the payment to her became due ” (Matter of Jacob, 165 Misc. 280), value “ at the time for each distribution ” (Matter of Kessler, 12 Misc 2d 75, 77), “ current values on the date of each payment ” (Matter of Bouverie, 22 Misc 2d 701, 702), “ current value of the trust at the time each payment becomes due ” (Matter of Stern, 32 Misc 2d 445, 446), “ the valuation of the principal, the date on which the application for invasion is made” (Matter of Utard, 208 *816 Misc. 404, 406) and “ valuations at the respective dates of payment or distribution ” (Matter of Magill, 10 Misc 2d 209, 211). Inasmuch as current worth or current value is affected not only by capital gains and capital losses but also by the payment of expenses, there appears to be no reason to ignore this fact in computing the amount of each fractional withdrawal from the current worth of the principal fund. This will is so construed and it is held that in computing the current worth of the fund normal administration expenses are to be given consideration.