THE PEOPLE OF THE STATE OF NEW YORK ex rel. J. ESLER ECKER-
SON and Others v. THE BOARD OF TRUSTEES OF THE VILLAGE OF
HAVERSTRAW and Others.

*Constitutional jury — opening of highways — waiver by a landowner of constitu-
tional provisions — any assessment, if allowing of review, is sufficient — chapter 291
of the Laws of 1870, as amended by chapter 694 of the Laws of 1893.*

The term "jury," as used in the Constitution of the State of New York of 1846,
is descriptive of a body of jurymen drawn in the ordinary mode of drawing
juries. The jurors must, as provided by the Code of Civil Procedure, be male
citizens and residents of the county in which they are qualified to serve, of a
designated age, and possessed of certain property qualifications, not infirm or
decrepit, of fair character, approved integrity, sound judgment and well
informed.

A jury selected under the provisions of chapter 291 of the Laws of 1870, as
amended by chapter 694 of the Laws of 1893, in proceedings to open a high-
way, does not meet the requirements of the Constitution, and in the absence
of any other provision for the assessment of damages except that contained in
the amendment of 1893, the award made by them would not be binding upon the
property owners interested in the proceedings.

An assessment may be made in the first instance in any manner directed by the
Legislature, provided that an unqualified and unfettered right of appeal be
given to the landowner under which he is entitled to have his damages assessed
in the manner provided by the Constitution.

In condemnation proceedings, it is always permissible for a landowner to waive a
constitutional provision in his favor, and under the provisions of chapter 291 of
the Laws of 1870, as amended by chapter 694 of the Laws of 1893, he may
accept the award of the jury or may take his appeal and have his damages
assessed by a lawful tribunal.

The provision of such statute, which requires a bond and imposes costs on the
landowner in case he fails to increase the jury's award, relates to the procedure
only and does not violate any constitutional right, nor does the fact that appli-
cation is to be made to the county judge, instead of to the County Court,
deprive the landowner of any constitutional right, as he may always make his
application at a term of the County Court.

The provision that the trustees of a village may take possession of land, con-
demned for the purpose of opening a highway, upon the filing of the report
of commissioners of appraisal, and make payment therefor to the landowner
within a year, is entirely legal.

CERTIORARI issued out of the Supreme Court and attested on the
24th day of February, 1894, directed to the board of trustees of the

village of Haverstraw and to John W. Furman, village clerk, commanding them to certify and return to the said court at the office of the clerk of the county of Rockland the award of the jury in relation to the assessment of the damages of the relators and the proceedings of the said board of trustees in relation to certain proceedings brought to lay out a highway.

*Calvin Frost*, for the relators.

*William McCauley, Jr.*, and *Alonzo Wheeler*, for the respondents.

Brown, P. J.:

The relators attack the award of damages made to them by the jury in the proceeding to open the highway, on the ground that the provision of section 2 of title 7 of the act for the incorporation of villages (Chap. 291, Laws of 1870), as amended by chapter 694, Laws of 1893, is in violation of that provision of the Constitution which directs that the compensation for private property taken for public use, shall, when it is not to be made by the State, be ascertained by a jury, or by not less than three commissioners, appointed by a court of record.

Section 2 of title 7 in the original act provided that in case damages were not determined by agreement between the trustees and the landowner "the board shall  *  *  *  meet and cause a jury of six freeholders to be summoned to determine and award said damages."

The amendment of 1893 added to the original section the following : " The said jury shall be selected as follows : The said board of trustees shall prepare a list of the names of twelve freeholders of the village, in no wise of kin to the applicants, owners or occupants, or any or either of them, and not interested in the lands proposed to be taken." They shall prepare a copy of said list with a notice of meeting to be held, etc., etc. "At the time and place mentioned in said notice the board of trustees shall meet, and the owners of the land may strike from the said list not more than six names, and of the number which remain, the six names standing first upon the list shall be the jury."

The requirement that compensation for property taken for public

use must be ascertained by a jury or by commissioners, appears for the first time in the Constitution of 1846. Under the second Constitution of the State the mode of ascertaining damages belonged to the Legislature, and it could select the tribunal and provide the manner of its formation. (*Livingston* v. *The Mayor*, 8 Wend. 85.)

In construing the term "jury," as used in the Constitution of 1846, the Court of Appeals, in *Cruger* v. *H. R. R. R. Co.* (12 N. Y. 190), held that it was "descriptive of a body of jurymen drawn in the ordinary mode of drawing juries," and this conclusion was based upon the meaning which the term had acquired in the law from long legislative usage, and which the court presumed was known to the convention and adopted by it.

The qualifications of jurors are provided by the Code of Civil Procedure, and they must be male citizens, and residents of the county in which they are qualified to serve, of a designated age, and possessed of certain property qualifications; not infirm or decrepit; of fair character, approved integrity, sound judgment, and well informed.

The jurors provided for in the act under consideration are only required to be freeholders of the village, and, excepting that they shall not be next of kin to the applicants for the road or to the landowner, and not interested in the land to be taken, no other limitation is put upon the trustees in their selection.

They may be of any age or of either sex, and possessed of none of the qualifications named in the Code.

Moreover, they are to be selected by the trustees, who, as the damages were assessable on the whole village property, are parties to the proceeding to open the street, representing interests adverse to the landowner. A jury selected in such a manner, does not, we think, meet the requirements of the Constitution. I have examined all the laws cited by Judge JOHNSON in his opinion in *Cruger's* case, and many others enacted before and immediately after the adoption of the Constitution of 1846, and I have been unable to find one that did not provide that the jury should be drawn from the jurors selected in the towns for duty in the courts. Generally they are to be drawn from the list of grand jurors, but occasionally from the petit jurors. Such was the provision of the Highway Law of 1847 for the re-assessment of damages, and it has been continued in all

subsequent amendments down to the recent revision of the statute. The laws invariably required the jury to be drawn by or in the presence of a public officer, generally the county judge, but occasionally by the vice-chancellor, or a justice of the peace, and I think this will be found to be the first instance in which they were to be drawn by a party to the proceeding.

If the Village Law made no other provision for the assessment of damages except that contained in the amendment of 1893, we should hold that the mode prescribed was not in conformity to the Constitution, and that the proceedings had in this case were invalid. A jury, within the meaning of the Constitution, must be drawn or selected from the jurors designated in the manner required by the Code. The Constitution has not limited its number, or the particular manner in which it shall be drawn, but it has designated the class of persons from whom alone it must be selected.

But the Village Law has not made the award of the jury final, but by section 4 of title 7 it has given to the landowner the right of appeal to the county judge of the county in which the village is situated. (Chap. 59, Laws 1878, § 8.)

Upon such appeal there is to be a hearing upon notice to all parties interested, and the judge is required to appoint three commissioners to determine and award the damages to the person so appealing, and such commissioners have power to compel the attendance and the examination of witnesses, to view the property, hear the proofs of parties, and make such award as they shall deem just.

The appeal stays all proceedings, and the trustees may not enter upon the land until the award of the commissioners becomes final and conclusive as provided in the statute.

This mode of ascertaining the compensation to be made to the landowner is certainly in compliance with the Constitution of the State, and removes the objection to the statute which would exist if no appeal were authorized.

It has been repeatedly decided that an assessment may be made in the first instance in any manner directed by the Legislature, provided that an unqualified and unfettered right of appeal be given to the landowner, under which he is entitled to have his damages assessed, in the manner provided by the Constitution. (*Lamb* v. *Lane*, 4 Ohio St. 167; *Des Moines* v. *Layman*, 21 Iowa, 158;

*Beers* v. *Beers,* 4 Conn. 535; Dillon Mun. Corp. [5th ed.] § 618, and notes; Tiedeman Mun. Corp. § 245, and notes.)

In Massachusetts the Supreme Court decided that a statute authorizing a magistrate to try a defendant without a jury, and pass sentence in a criminal case, was not unconstitutional, as impairing the right of trial by jury, when the defendant was given an unqualified right of appeal, and a trial by jury in the appellate court, subject only to the requirements of giving bail for his appearance. (*Jones* v. *Robbins,* 74 Mass. [8 Gray] 329; see, also, Dillon Mun. Corp. § 439; Cooley Const. Lim. [5th ed.] 507, and cases cited in notes.)

While a different view was expressed by Judge BLATCHFORD in *Dana's Case* (7 Benedict, 1), the Supreme Court of the United States, in *Callan* v. *Wilson* (127 U. S. 540), referred to *Jones* v. *Robbins* without disapproval.

But, whatever the rule may be in criminal cases, I have no doubt of its correctness in proceedings for taking private property. It is always permissible in such cases for the landowner to waive the constitutional provision in his favor.

He may accept the award of the jury if he chooses, or he may take his appeal and have his damages assessed by a lawful tribunal. The provision which requires a bond and imposes costs on the landowner, in case he fails to increase the jury's award, relates to the procedure only, and does not violate any constitutional right. Similar provisions in relation to costs have always existed in the General Railroad Law.

Neither does the fact that application is to be made to the county judge instead of to the County Court, deprive the landowner of any constitutional right, as he may always make his application at a term of the County Court.

The provision that the trustees may take possession of the land upon the filing of the commissioners' report, and make payment to the landowner within a year, is entirely legal. (*People* v. *Hayden,* 6 Hill, 359; *Rexford* v. *Knight,* 11 N. Y. 308.)

The damages awarded are, by section 5 of title 7, made assessable upon and payable from the whole taxable property of the village, and thus certain and adequate provision is made by which the landowner can coerce payment of his award, and this provision

fulfills the requirements of the Constitution. (Dillon Mun. Corp. § 615.)

The learned counsel for the relators has not referred in his argument to the provisions of the statute which I have quoted, giving the right of appeal to the landowner, and we have not had the benefit of his views as to their effect upon the question of the constitutionality of the general scheme provided by the statute for the assessment of damages.

But we have no doubt that the right of appeal removes all objection that would exist to the assessment by a jury selected under section 2, as amended by the act of 1893, provided that section stood alone. The award of the jury is made conclusive upon the landowner in twenty days after service upon him of a copy of such award, provided no appeal is taken.

We are of the opinion that the relators have not been deprived of any of their constitutional rights, and the award must be affirmed, with costs.

CULLEN, J., concurred; DYKMAN, J., dissented.

Award affirmed, with costs.