(32 Misc. Rep. 444.)

BERRIDGE v. SHULTS.

(Supreme Court, Special Term, Greene County. June 20, 1900.)

1. PRIVATE ROADS—STATUTORY PROVISIONS—CONSTITUTIONALITY .
    Const. art. 1, § 7, par. 2, provides that private roads may be opened in the manner to be prescribed by law, but in every case the necessity of the road and the amount of damages shall first be determined by a jury of freeholders. Highway Law, §§ 106–116, provides that the necessity for a private road and the amount of damages shall be determined by a jury of six. *Held*, that the jury authorized by the highway law is not such a jury as is contemplated by the constitution, and hence proceedings to establish a private road, in which the damages, etc., were determined by a jury selected thereunder, were void.

2. SAME—PROCEEDINGS—COLLATERAL ATTACK.

Where the proceedings to lay out a private road as provided by Highway Law, §§ 106–116, are void because the jury which determined the necessity of the road and assessed the damages was not the jury contemplated by Const. art. 1, § 7, par. 2, such proceedings may be attacked collaterally on a bill to restrain the opening of such road.

Action by Thomas Berridge against Mary Shults for an injunction to restrain defendant from opening and using a private road across plaintiff's land. On motion to continue an injunction pendente lite. Granted.

Henry Van Hoesen, for plaintiff.
Mark Duntz, for defendant.

CHASE, J. The defendant is the owner of a tract of land containing about 82 acres, upon which is located a lime stone quarry. The tract of land does not adjoin a public highway, and the defendant has no means of ingress or egress without trespassing upon the lands of others. The defendant recently commenced a proceeding to lay out a private road from his said quarry lands to a highway, and the road, as so proposed, passed over the lands of the plaintiff and another adjoining owner. The proceeding was instituted and carried on as provided by sections 106 to 116, inclusive, of the highway law. The plaintiff objected to the jurisdiction of the commissioners of highways, and to the jury drawn by them in such proceedings, and has never consented, and does not now consent, to the laying out of such private road. He has in no way waived his right to object to the constitutionality of the provisions of the highway law relating to private roads. The jury called by the commissioners of highways certified to the necessity of a private road, and fixed the damages of the plaintiff at the sum of $100. The defendant has tendered to the plaintiff the sum of $100, the amount of such damages, which has been refused by the plaintiff. Thereafter the defendant entered upon that portion of the plaintiff's property described in said proceedings, to lay out a private road, and commenced tearing down fences, leveling stone walls, and cutting down growing trees thereon, and threatens to continue to tear down fences, level stone walls, cut down growing trees, and complete said private road across said premises, and use the same. The plaintiff alleges that the loss and damage to him from such trespass will be constant and continuous, and would cause serious and irreparable injury to him, and, to prevent such injury, has brought this action to restrain the defendant from opening and using said road.

The right to take private property for private roads is conferred by the second paragraph of section 7 of article 1 of the constitution of the state of New York, and is as follows:

"Private roads may be opened in the manner to be prescribed by law, but in every case the necessity of the road and the amount of all damage to be sustained by the opening thereof shall be first determined by a jury of freeholders, and such amount together with the expenses of the proceeding shall be paid by the person to be benefited."

The jury provided by the sections of the highway law relating to laying out a private road is not such a jury as is contemplated by

the constitution. People v. Board of Trustees of Village of Haverstraw, 151 N. Y. 75, 45 N. E. 384; Id., 80 Hun, 385, 30 N. Y. Supp. 325. See In re Tuthill, 163 N. Y. 133, 57 N. E. 303. The defendant did not acquire the right to enter upon the premises of the plaintiff by reason of the proceedings to lay out a private road. This is not an ordinary trespass. The defendant insists upon her right to take the strip of land by virtue of the proceedings to lay out a private road, as before stated, and unless the injunction is continued the plaintiff will cut down the remaining trees, and do the work necessary to complete the private road, and use the same until the further order of the court. As the proceedings for laying out the private road were void, the plaintiff had a right to ignore the same. 12 Am. & Eng. Enc. Law, p. 1470. The authorities cited by the defendant to the effect that a judgment or proceeding should not be attacked collaterally do not apply to this case, for the reason that they all relate to cases where errors or frauds were committed after jurisdiction had been obtained. They do not apply in a case like the one now before me, where the proceeding by reason of failure to comply with the constitutional provisions is entirely without force or effect.

The injunction should be continued pendente lite.