In the Matter of the Estate of FAY KRONISH, Deceased.

Surrogate's Court, Westchester County, May 11, 1962.

*Martin A. Jacobs* and *George R. Rudits* for petitioner. *Jules M. Bornstein,* as special guardian.

HARRY G. HERMAN, S. This is a proceeding for an accounting involving the construction of the will and codicil of Fay Kronish who died on the 29th day of March, 1959, a resident of 675 North Terrace Avenue, Mount Vernon, N. Y. The testatrix disposed of her property by will dated April 6, 1953, and codicil dated April 25, 1957.

Paragraph FIRST of the codicil revoked subdivision (b) of paragraph THIRD of the will. Under the codicil the decedent directed the executor to divide her residuary estate into two equal parts. One of such equal parts was devised and bequeathed to the trustee " [T]o hold the same and to manage, invest and reinvest it and to collect the income thereof and to pay the net income thereof to my daughter THERESA KRONISH KORNBLUH, not less often than quarterly, until my daughter THERESA KRONISH KORNBLUH shall have received all of the principal of said trust in the manner hereinafter provided. The principal of said trust shall be paid to my daughter, THERESA KRONISH KORNBLUH, in ten (10) equal annual installments commencing with one (1) year after the date of my death, that is to say, one-tenth (1/10) of the principal of the said trust shall be paid to my said daughter one (1) year after the date of my death and one-tenth

(1/10) thereof each and every year thereafter until the principal of said trust is exhausted.

"In the event that my said daughter shall die before she shall have received all of the principal in said trust, then upon her death, said trust shall cease and come to an end and I direct that the principal remaining in said trust with all increments thereon be paid to her issue in equal parts per stirpes".

The other of said equal parts was devised and bequeathed to the trustee exactly in the same manner for the benefit of decedent's other child, her son, George Royal Kronish.

The main beneficiaries are living, and each is to receive the income from each of the trust funds and each will receive a portion of the principal annually.

The codicil directs payment in "ten (10) equal payments". The testatrix then, in an attempt at clarification, states that 1/10 of the principal of said trust shall be paid one year after the date of her death and 1/10 thereof each and every year thereafter until the principal of the trust is exhausted. Much of the estate consists of securities, the value of which might vary considerably from year to year. It would, therefore, be impossible to know on the first anniversary what amount should be set aside each year to make the payments equal. The attempt at clarification compounds the difficulty as it would seem to indicate that there should be revaluation on each anniversary date when an installment becomes payable.

The paramount duty of the court in all construction proceedings is to ascertain the intention of the testatrix as expressed in the will and codicil. All rules of interpretation are subordinate to the requirement that the actual intention of the testatrix be sought and effectuated as far as is consonant with the principle of law and public policy.

The Court of Appeals (*Matter of Fabbri,* 2 N Y 2d 236, 240) recently clearly stated the governing principle: "This intent, as we have often said, must be gleaned not from a single word or phrase but from a sympathetic reading of the will as an entirety and in view of all the facts and circumstances under which the provisions of the will were framed. (*Collister* v. *Fossitt,* 183 N. Y. 281; *Robinson* v. *Martin,* 200 N. Y. 159, 164; *Williams* v. *Jones,* 166 N. Y. 522, 533; *March* v. *March,* 186 N. Y. 99, 103.)"

Another clear statement of how this construction must be approached is found in *Matter of Sliter* (286 N. Y. 117, 122) where this is said: "We apply to this will the primary rule of construction, namely, that the intent of the testator must govern (*Matter of Chalmers,* 264 N. Y. 239; *Matter of Rooker,* 248

N. Y. 361) and that this intention of the testator must be garnered from the words of the will. (*Matter of Durand,* 250 N. Y. 45, 54; *Matter of Buechner,* 226 N. Y. 440.) If the testatrix expressed herself in ambiguous language, we endeavor to impute to the words used such meaning as will conform to the intention of the testatrix viewed in the light of the pattern upon which the will was executed.''

The executor urges that the value of the trust be determined at the first anniversary date (one year after the testatrix' death) and that 10% of that fixed amount be distributed in each of the 10 years. If the trust were only cash in a savings bank and remained there for 10 years, there would be no question as to how the distributions were to be made each year. But the trust property consists of stocks and securities which are subject to wide fluctuations.

Stock values could decline so precipitously that by adopting the executor's formula, the trust could be exhausted in much less than 10 years, and conceivably there would then be nothing available for payment of principal or income. Should the value of the securities increase substantially, payment of 10% of the first anniversary value would likewise appear to defeat the intent of the testatrix, as it would result in the trust becoming larger than originally.

There obviously cannot be in such a case any payment of 10 '' equal annual installments.'' The attempt at clarification that '' one-tenth (1/10) of the principal of the said trust shall be paid  *  *  *  each and every year '' indicates that the testatrix desired that the trust fund be continued for precisely 10 years, during which there would be sufficient securities to earn some income and that there would also be some payment of principal each year.

In view of the fluctuating values of the securities in the trust, this can be accomplished by paying 1/10 of principal value of the trust on the first anniversary date, 1/9 of the then value of the trust on the second anniversary, and in that manner by ascertaining the market value on each subsequent anniversary date, and using the remaining years as a denominator, effectuate the intent and purpose of the testatrix. (*Matter of Elliott,* 70 N. Y. S. 2d 826; *Matter of Raumann,* 64 N. Y. S. 2d 373; *Matter of Van Hogendorp,* 110 N. Y. S. 2d 579; *Matter of Rosenthal,* 155 Misc. 295; *Matter of Magill,* 10 Misc 2d 209; *Matter of Bouverie,* 22 Misc 2d 701; *Matter of Jacob,* 165 Misc. 280; *Matter of Stern,* 32 Misc. 445.)