Harry G. Herman, S.
In this accounting proceeding the executors have applied for a construction of so much of the following provisions of the will as relate to the distribution of trust principal in annual installments and which also involve distribution of the remainder of such trusts:
“To invest, reinvest and to keep the principal thereof invested in trust and to pay over the net income thereon in semi-annual installments unto my son, ralph l. corrigan, for and during his natural life, or, during the period that there shall be any principal left in this Trust, and to pay over one-tenth (l/10th) of said principal of this Trust annually commencing one year after the date of my death until the said principal shall have been fully paid to him at which time this Trust shall terminate.
“ In the event that my said son, ralph l. corrigan, shall die prior to the time that he shall have received the entire principal of said Trust, I direct that the principal of said Trust, together with all unexpended income thereon, after the payment of medical and funeral expenses, occasioned by my said son’s death shall continue to be held in Trust and invested and reinvested in Trust by my Trustees, and I direct that they shall *453 continue to pay over the net income received thereon in semiannual installments to my daughter-in-law, eleanor corrigan, wife of ralph l. corrigan, for and during her natural life, or, during the period that there shall he any principal left in this trust, and to pay over to her one tenth (l/10th) of the said remaining principal of this Trust annually commencing one year after the date of death of my son, ralph l. corrigan, until such time as said principal shall have been fully paid to her at which time this Trust shall terminate. In the event that my said daughter-in-law, eleanor corrigan, wife of ralph l. corrigan, shall die prior to the time that she shall have received the entire remaining principal of this Trust, I direct that the said remaining principal together with all unexpended income thereon shall be paid over per stirpes to the issue of my said son, ralph l. corrigan, as and when each of said issue shall have reached the age of twenty-one (21) years.
“ During the respective minority of any such issue the principal and income of the share of any such minor may be used for the maintenance, education and support of said issue, or, in the sole discretion of my Trustees, may be accumulated until each of said issue shall have reached the age of twenty-one (21) years, at which time an equal share of the principal per stirpes shall be paid over unto each of said issue.”
“ To invest, reinvest and to keep the principal thereof invested in trust and to pay over the net income thereon in semi-annual installments unto my grandson, patton richard corrigan, for and during his natural life, or, during the period that there shall be any principal left in this Trust, and to pay over one-tenth (l/10th) of said principal of this Trust, annually commencing one year after the date of my death until the said principal shall have been fully paid to him at which time this Trust shall terminate.
“ In the event that my grandson, patton richard corrigan, shall die prior to the time that he shall have received the entire principal of said Trust, I direct that the principal of said Trust, together with all unexpended income thereon, after the payment of medical and funeral expenses occasioned by my grandson’s death, shall be paid over per stirpes, unto the issue of my said grandson, patton richard corrigan, as and when each of said issue shall have reached the age of twenty-one (21) years.
“ During the respective minority of any such issue the principal and income of the share of any such minor may be used for the maintenance, education and support of said issue or, in the sole discretion of my Trustees, may be accumulated until each of *454 said issue shall have reached the age of twenty-one (21) years, at which time an actual share of the principal per stirpes shall be paid over unto each of said issue.”
In Matter of Kronish (35 Misc 2d 192) this court concluded in a comparable situation that the testatrix intended that payments of trust principal be made in 10 approximately equal installments over a 10-year period. The above-quoted language although not as specific must be similarly construed. The principal payments shall be computed on the current value of trust principal at the time each payment becomes due in order to reflect principal gains and losses. (See, also, Matter of Stern, 32 Misc 2d 445 and cases cited.) Accordingly, during the lifetime of the son, Ralph L. Corrigan, there shall lie paid to him during the first year one tenth of the market value of trust principal at the time of such payment, one ninth the second year, one eighth the third year and continuing until the tenth final installment. In the event that such beneficiary dies before the final installment is paid, the widow of such beneficiary will become entitled to receive “ one-tenth (l/10th) of the remaining principal * * * annually commencing one year after the death of my son”. These provisions must be similarly construed so that the widow will receive one tenth of the principal on hand on the first distribution commencing one year after the death of her husband. These payments also shall be computed on the current value of the balance of trust principal at the time each installment becomes payable after deducting the aggregate of invasions of medical and funeral expenses.
By a subsequent provision, the trustees are empowered to invade principal for other specified purposes not exceeding $5,000 annually. All installment payments must therefore reflect the aggregate amounts of principal invasions previously made by deducting the amount of such principal invasions from trust principal as a whole, and computing the fractional installments payable annually upon the balance remaining after deduction of such invasions. Authorized invasions of principal in any year need not be credited against or deducted from each annual installment becoming payable in the same year.
In the event of the death of the secondary income beneficiary prior to the receipt of the remaining principal, the remainder of such trust, which shall include all “ accrued” income as distinguished from 11 accumulated ” income (Matter of Watson, 262 N. Y. 284, 300), shall become payable in equal shares per stirpes to the issue of testator’s son living at the termination of the trust. Although the will contains no express provision for such survivorship of issue as a condition of the right to *455 share, the provision for the use of principal and income of any such share for the maintenance, education and support of such issue until such issue shall attain the age of 21 years imports survivorship of such issue at the termination of the trust as a condition to the right to share in the distribution of the balance of such principal and accrued income. Such share shall vest absolutely in issue then surviving with payment postponed until each of such issue attains majority. The provisions of the will in favor of issue expressly defer payment of such share during minority, subject to the provisions for support although vesting of each share occurs upon the termination of the trust.
As appears from the above-quoted excerpt of the will, the testator provided for a trust designating a grandson as primary beneficiary which contains language identical in form with that employed in the provisions of the trust for the benefit of testator’s son and which also directs the payment of principal in annual installments. These provisions must be similarly construed under the formula above stated.