John D. Bennett, S.
The decedent bequeathed his residuary estate to his wife in two separate trusts under paragraph “ iSeventh ” of his last will and testament.
The first trust is a marital trust designated as trust “A”. The second is a residual trust called trust “ B ”.
Trust “ A ” directs the named trustees to pay the net income to the widow “ during her natural life, together with one-twentieth (l/20th) of the principal or corpus of this trust, semiannually.” In addition, the will gives the widow an absolute power of appointment with a provision for alternate beneficiaries should she fail to exercise the power.
Trust “ B ” directs the named trustees to pay the net income to the widow “ during her natural life, together with one-fortieth (l/40th) of the principal or corpus of this trust, semi *309 annually.” Contingent remaindermen are provided for in case the widow predeceases the testator or dies within six months of his death.
This is a proceeding to construe the provisions set forth in the above two trusts. The petitioners contend that the testator intended to give his widow, if she lived for 10 years from the date of her husband’s death, by semiannual installments, all of the principal of trust “A ”, and, if she lived for 20 years, by semiannual installments, all of the principal of trust “ B ”. By this construction, trust “ A ” would terminate in 10 years and trust “ B ” in 20 years.
The special guardian, representing contingent remaindermen, takes the position that corpus as used in paragraph “ Seventh ” is intended to mean the principal then remaining after the periodic payments provided for in the trust. This interpretation would leave a residue in trusts “ A ” and “ B ” after the expiration of the respective 10 and 20-year periods.
“ Clauses providing for fractional invasions of trust principal * * * are not unusual but, in the absence of explicit language, these clauses often present a question as to whether the fractional portion to be distributed is to be computed upon the initial value of the trust principal or the trust’s value at the date of each invasion ” (Matter of Paskus, N. Y. L. J., June 16, 1965, p. 15, cols. 6, 7).
The intent therefore must be 1 ‘ gleaned not from a single word or phrase but from a sympathetic reading of the will as an entirety and in view of all the facts and circumstances under which the provisions of the will were framed” (Matter of Fabbri, 2 N Y 2d 236, 240, citing Collister v. Fassitt, 163 N. Y. 281; Robinson v. Martin, 200 N. Y. 159, 164; Williams v. Jones, 166 N. Y. 522, 533; March v. March, 186 N. Y. 99, 103). The intent of the testator must govern (Matter of Sliter, 286 N. Y. 117, 122).
It appears evident that the testator’s concern was primarily for his wife and that he wanted her to receive fixed installments for a specified period of time and no more. If the testator wanted his wife to have a life estate, or to have funds in trust beyond the specified periods of time, he would have so indicated. Reading the will as a whole evidences the testator’s desire that trust “ A ” was to be totally exhausted in 10 years and trust “ B ” in 20 years.
If the principal were fixed, as cash in a savings account, it would be easy to fix the distributions so that she would receive equal semiannual installments from the trusts. However, the trust corpus includes securities which fluctuate in value and *310 accordingly the first installments should he paid based on the principal value of the trusts at the time of the payment, and each installment made thereafter is to be ascertained by determining the market value of the balance of the corpus as of the date of the next installment and using the remaining number of semiannual payments as the denominator (Matter of Kronish, 35 Misc 2d 192). If the securities suffered a decline in market value after the first payment and it was decided to base the installments on the value of the corpus as of the date of the first installment, it would be possible then that the trust would be exhausted prior to the years specified by the testator (Matter of Kronish, supra, p. 92). This would be contrary to the testator’s obvious intent that the trusts were to last for the times indicated.
Accordingly, the court construes the testator’s will so as to provide that trust “ A ” is to be liquidated within 10 years and trust “ B ” is to be liquidated within 20 years from the date of the testator’s death.
A decree has already been entered directing the trustees to pay to the widow from both trust funds that amount which she should have received from the date of death to the entry of the decree on August 27,1964. The petitioners seek a construction in order to arrange for the further semiannual payments under both trusts. The trustees are to determine the market value of each trust at the date of each semiannual payment and divide the same by the remaining number of semiannual payments.